IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


ESTHER ARELLANES,

       Plaintiff,

vs.                                        CIV 12-1178 KBM

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

       Defendant.


## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's Motion to Reverse or Remand that was filed on June 27, 2013 (*Doc. 18*) and was fully briefed on August 20, 2013 (*Doc. 22*). The memoranda submitted by the parties and the Administrative Record have been thoroughly reviewed and given due consideration. Pursuant to 28 U.S.C. § 636(c) and Rule 73(b) of the Federal Rules of Civil Procedure, the parties have consented to have me serve as the presiding judge and enter final judgment. *See Docs. 4, 8*. Because the Court finds that the Administrative Law Judge ("ALJ") erred at Step Four of the analysis in her determination of Plaintiff's residual functional capacity ("RFC"), Plaintiff's motion will be granted and the case remanded for further proceedings.

## I.   Background

Plaintiff suffers from systemic lupus[1], hypothyroidism (Hashimoto's disease[2]),

depression, and carpel tunnel syndrome.[3]  It is undisputed that Plaintiff applied for

disability insurance benefits alleging she became disabled on August 29, 2009 and that

she was insured for disability benefits through March 31, 2011.

Plaintiff's application was denied both at the initial and reconsideration levels.

AR at 101, 106.  Plaintiff then requested a hearing before an ALJ which was held on

March 24, 2011.  After the ALJ determined that Plaintiff was not disabled within the

meaning of the Social Security Act, (AR at 59-67), Plaintiff requested that the Appeals

Council review the ALJ's unfavorable decision (AR at 56).

At the Appeals Council, Plaintiff submitted additional evidence including a

Medical Assessment of Ability to do Work-Related Activities ("medical source

statement") from Plaintiff's treating physician, Dr. Murray C. Sokoloff, M.D., dated July

29, 2011.  AR at 4; AR at 530-31.  The Appeals Council stated it considered the

additional evidence but "found that this information does not provide a basis for

changing the Administrative Law Judge's decision."  AR at 2.  The Appeals Council

therefore denied Plaintiff's request for review, leaving the ALJ's decision as the final

---

[1]"Systemic lupus is an autoimmune disease which affects mostly women and is characterized by joint pain, fatigue, skin rash, [and] photosensitivity.  The kidneys and heart may be involved at times. . . . Stress and other activity tend to make the disease more active or flare it up. . . . Lupus is a life-long disease and needs to be monitored as long as there is some activity of the disease, or potential activity." *Doc. 13-12* at 49**.**

[2] "Hashimoto's disease is a condition in which the immune system attacks the thyroid, a small gland at the base of your neck below your Adam's apple." http://www.mayoclinic.org/diseases-conditions/hashimotos-disease/basics/definition/CON-20030293

[3] "Carpal tunnel syndrome is a progressively painful hand and arm condition caused by a pinched nerve in your wrist." http://www.mayoclinic.org/diseases-conditions/carpal-tunnel-syndrome/basics/definition/con-20030332

decision of the Commissioner.  AR at 1.

## II.  The Claims

Plaintiff raises four issues on appeal: 1) the Appeals Council failed to conduct a proper treating physician analysis of the medical source statement of her treating physician, Dr. Murray C. Sokoloff; 2) the ALJ's RFC finding at Step 4 is not supported by substantial evidence; 3) the ALJ failed to develop the record; and 4) the ALJ's determination at Step 5 that work exists in significant numbers is not supported by substantial evidence.  *Doc. 19* at 2.

## III.  Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) to two inquiries:  first, whether the decision was supported by substantial evidence; and second, whether the correct legal standards were applied. *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotation omitted).

> Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  However, "[a] decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it.

*Id.* at 1214 (quoting *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) and *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir.1988)) (brackets in original).

The Court's review is based on the record taken as a whole, and the Court will "meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking 'into account whatever in the record fairly detracts from its weight.'"  *Id.* (quoting *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)).  This Court may not reweigh the evidence nor substitute its opinion for that

of the Commissioner.  *Id.* at 1214.

**IV. Discussion**

      Plaintiff offers two criticisms of the ALJ's RFC assessment:  first, that the medical source statement undercuts the ALJ's finding and, second, that the ALJ failed to perform a proper RFC assessment.  The Court finds that the ALJ failed to perform a proper RFC assessment and will remand the case on that basis.

      The ALJ failed to perform a proper RFC assessment because she failed to address Plaintiff's exertional limitations of the seven strength demands (i.e. sitting, standing, walking, lifting, carrying, pushing, and pulling) in determining that Plaintiff could perform "light work."

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. **Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling** of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567 (emphasis added).  An RFC assessment must address a claimant's exertional capacities and "[e]ach of the seven strength demands must be considered separately."  *Southard v. Barnhart*, 72 F. App'x 781, 784 (10th Cir. 2003) (unpublished) (quoting *SSR 96–8P*, 1996 WL 374184 at *5).

      In this case, the ALJ found that:

> . . . through the date last insured, the claimant had the residual functional capacity to perform light work as defined by 20 CFR § 404.1567(b) except but [sic] must avoid direct sunlight and exposure to extremes of heat; must avoid hazardous conditions; can

> reach and handle only occasionally but can frequently finger; and can occasionally climb, balance and stoop, but never kneel, crouch or crawl.

AR at 62. While the ALJ chose to focus on the limitations in Plaintiff's upper extremities in her RFC finding, there is evidence in the record that the lupus affected Plaintiff's legs, knees, ankles, and feet, causing limitations. AR at 76, 87, 88, 95, 199, 215, 240, 250, 251, and 259. The extent of the limitations and whether they impact Plaintiff's ability to perform light work is unknown, however, because the ALJ did not make a function-by-function assessment of all seven strength demands. Thus, "there is no discussion of 'the maximum amount of each work-related activity [plaintiff] can perform.'" *Southard*, 72 F. App'x at 784 (quoting *SSR 96-8P*) (brackets in original). Since the ALJ failed to perform a function-by-function assessment of all of Plaintiff's work-related activities, her RFC finding is not supported by substantial evidence.

"Initial failure to consider an individual's ability to perform the specific work-related functions could be critical to the outcome of a case." *SSR 96-8P* at *3. By failing to perform a function-by-function assessment, an ALJ may overlook certain limitations or restrictions that "would narrow the ranges and types of work an individual may be able to do, or find that the individual has limitation or restrictions that he or she does not actually have." *SSR 96-8P* at *4. Consequently, remand is warranted on this basis.

Since the Court will remand based on the ALJ's failure to perform a proper RFC assessment, the Court need not address Plaintiff's remaining claims of error. *Wilson v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on

remand.").  This is especially true here, where the additional evidence considered by the Appeals Council – the medical source statement – will now also be available for the ALJ's consideration on remand.

Wherefore,

**IT IS HEREBY ORDERED** that the Plaintiff's Motion for Remand *(Doc. 18)* is **granted**.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE
Presiding by Consent